IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN BEATTIE,** | : | |
| Petitioner, | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **TABB BICKELL, et al.,** | : | **NO. 13-3961** |
| Respondents. | : | |

# O R D E R

**AND NOW**, this 14th day of August, 2014, upon careful and independent consideration of the petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254 and after review of the thorough and well-reasoned Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski, and of the petitioner's Objection to the Report and Recommendation, it is hereby **ORDERED** that:[1]

1. The Report and Recommendation (Doc. No. 13) is **APPROVED** and **ADOPTED**;[2]

---

[1] Because the petitioner represents himself *pro se*, the court will liberally construe the petitioner's filed documents. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

[2] The petitioner makes numerous arguments in his Objection to the Report and Recommendation. See Doc. No. 15. However, the majority of the petitioner's objections have already been fully addressed by Judge Sitarski. I will briefly respond to the petitioner's objections.

The petitioner argues that the deference Judge Sitarski granted to the findings of the state court was inappropriate. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) grants increased deference to the factual findings and legal determinations of the state courts. As Judge Sitarski explained, the findings and decision of the Pennsylvania Superior Court were neither contrary to nor an unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 404-06 (2000).

In addition, the petitioner argues that his petition cannot be adjudicated on its merits because the original unaltered sentencing report is absent from the record given to the Magistrate Judge Sitarski. The original sentencing order is immaterial to the court's review of his claim because the facts clearly show that the petitioner was released from prison after serving less 4 years of an intended 22-55 year sentence. I have reviewed the sentencing transcript. I agree with the Pennsylvania Superior Court and Judge Sitarski that the sentencing court's use of the word "consecutive" was clear and unambiguous.

3. The petition for writ of habeas corpus filed under 28 U.S.C. § 2254 is **DISMISSED** without an evidentiary hearing;[3]

4. There is <u>no</u> basis to issue a certificate of appealability.[4]

BY THE COURT:

/s/Lawrence F. Stengel_____
LAWRENCE F. STENGEL, J.

---

[3] The petitioner cites the Fourth Circuit Court of Appeals decision in <u>Winston v. Kelly</u>, 592 F.3d 535, 555 (4th Cir. 2010), for the proposition that, because the record was materially incomplete, his claim cannot be adjudicated on the merits and should therefore be remanded for an evidentiary hearing. To further support this argument, the petitioner selectively cites <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473 (2007), stating that the decision to grant an evidentiary hearing is left to the sound discretion of the district court.

Petitioner's reliance on <u>Kelly</u> and <u>Schriro</u> is flawed. AEDPA bars the court from granting an evidentiary hearing when the petitioner was unable to establish a claim in state court unless, the petitioner can establish, among other requirements, that "the facts underlying the claim would be sufficient to establish clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense." 28 U.S.C.§ 2254(e)(2). Because the petitioner has failed to make such a showing, I will deny his request for an evidentiary hearing.

[4] Under 28 U.S.C. § 2253(c), the court may issue a certificate of appealability only if the petitioner has made a substantial showing of the denial of a constitutional right. The petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003); <u>Rosado v. Wenerowicz</u>, 2013 U.S. Dist. LEXIS 143100 (E.D. Pa. Oct. 2, 2013). For the foregoing reasons and those contained in the Report and Recommendation, the petitioner has not made the requisite showing to permit this court to issue a certificate of appealability.